# Exhibit A

COURT OF THE STATE OF NEW YORK: CIVIL COURT OF THE CITY OF NEW YORK

COUNTY OF: KINGS

EXPERIAN

701 EXPERIAN PARKWAY  ALLEN, TX 75013

Index No. CV-000151-25/QU
Plaintiff:  STEVE ILYAYEV,

Defendant EXPERIAN

**Please find enclosed a copy of documents that were served upon the New York Department of State for the below mentioned entity.**

EXPERIAN

**Service was completed through the Department of State on:** JANUARY 10, 2025

596811

Civil Court of the City of New York
County of Queens

-----------------------------------------------------------X

STEVE ILYAYEV,

                        Plaintiff,

          -against-

EXPERIAN,

                        Defendant.

-----------------------------------------------------------X

Index No.: CV-000151-25/Qu
Date Filed: 1-3-25

**SUMMONS**

Plaintiff's Residence Address:
6145 98th Steet, Apt. 11E
Rego Park, N.Y. 11374
The basis of venue designated:
Plaintiff's residence and
Location/situs of incident(s)

To the above named defendant:

      You are hereby summoned to appear in the Civil Court of the City of New York, County of Queens at the office of the said Court at 89-17 Sutphin Boulevard, Jamaica, in the County of Queens, City and State of New York, 11435 within the time provided by law as noted below and file your answer to the summons and endorsed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00), interest from the date of the incidents alleged in this suit and together with the costs and disbursements of this action.

Dated: December 23, 2024

                        By: _____
                             April Forbes, Esq.
                           Attorney(s) for Plaintiff
                               P.O. Box 865
                         Hudson, New York 12534
                            (518) 249-5328

Defendant's Address:
EXPERIAN
701 Experian Parkway
Allen, Texas 75013

NOTE: The law provides that:

    (a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the City of New York, you must appear and answer within TWENTY days after such service; or

    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Civil Court of the City of New York
County of Queens
-----------------------------------------------------------------X
STEVE ILYAYEV,

                             Plaintiff,

-against-

EXPERIAN,

                            Defendant(s).
-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff STEVE ILYAYEV ("Plaintiff"), by and through his attorneys, April Forbes, P.C., as and for his Complaint against the Defendant EXPERIAN ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

1. Plaintiff brings this action seeking damages, declaratory relief, and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

2. Plaintiff resides in the Queens County area of the State of New York.

3. Defendant is a Texas corporation and has a place of business at 701 Experian Parkway, Allen, Texas.

4. Defendant is regularly engaged in the national business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff obtained a copy of his credit report on October 7, 2024 and noticed several accounts reporting with inaccurate information.

10. Based on the inaccurate information that was noticed by Plaintiff in credit report, Plaintiff wrote a dispute letter to Defendant which was dated October 7, 2024 ("Plaintiff's dispute letter").

11. Plaintiff's dispute letter was sent via certified mail to Defendant on October 17, 2024 and indicated as follows:

> Dear Experian
> The following accounts need to be disputed as they are reporting inaccurately:
> • BETHPAGE FED CR UNION CREDIT ACCT#: 999467XXXX
> - This account has always been paid on time and this one late remark is not accurate and I have never been late on this car before!
> • BMW FINANCIAL SERVICES ACCT#: 400342XXXXX
> - This account has always been paid on time; the late remarks are not accurate and need to be investigated
> • BMW FINANCIAL SERVICES ACCT#: 400258XXXXX
> - This account has always been paid on time; the late remark is not accurate and needs to be investigated
> • VERIZON WIRELESS ACCT#: 981024XXXXXXXX
> - This account was paid for deletion a while ago yet it is still reporting; needs to be investigated and deleted

12. Defendant responded to Plaintiff with a letter dated October 22, 2024, but the Defendant's response disregard the substantive contents of Plaintiff's dispute letter.

13. Defendant failed to investigate as specifically requested within Plaintiff's dispute letter.

14. Instead, Defendant's letter to Plaintiff dated October 22, 2024 stated as follows: "We received a recent request regarding your credit information that does not appear to have been sent

directly by your or to be authorized by you. As a precautionary measure we have not taken any action on your alleged request".

15.   Contrary to representations made within Defendant's letter to Plaintiff dated October 22, 2024, Plaintiff's dispute letter expressly included the necessary and relevant information for Defendant to conduct an investigation including Plaintiff's accurate name, his social security number, his address, and his date of birth.

16.   Upon information and belief, Plaintiff also sent a legible copy of his driver's license to Defendant in connection with Plaintiff's dispute letter.

17.   Nevertheless, Defendant incorrectly assumed Plaintiff did not directly send the dispute letter; failed to properly investigate the disputed accounts, and failed to respond with an investigation within the 30 day requirement.

18.   Defendant failed to delete or verify the disputed trade lines as requested within Plaintiff's dispute letter, and failed to mark the trade lines as disputed, thereby violating Plaintiff's rights under the FCRA.

19.   Plaintiff obtained his credit report on December 8, 2024 which reflects that Defendant failed to delete the disputed trade lines and failed to mark the trade lines as disputed, thereby violating Plaintiff's rights under the FCRA.

### FIRST CAUSE OF ACTION
### *(Violation(s) of the FCRA)*

20.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.   15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and states, in relevant part, as follows:

>    (1) Reinvestigation required

> (A) In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

22. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable investigation by either verifying the disputed account or deleting them within the required thirty (30) day statutory period.

23. Further, Defendant violated 15 U.S.C. §1681li(a) by failing to respond to Plaintiff in writing within the thirty (30) day statutory period.

24. Defendant violated the Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained.

25. Defendant violated the Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to update the credit report, delete and/or remove the disputed accounts as requested in Plaintiff's dispute letter.

26. As a result of Defendant's violation of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

27. The violation(s) by Defendant of 15 U.S.C. §1681e (b) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

28. After receiving Plaintiff's dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

29. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

30. Defendant is liable to Plaintiff by reason of its violation(s) of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

31. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a), and such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

33. As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

34. The violation(s) by Defendant of 15 U.S.C. §1681i(a) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35. In the alternative, Defendant was/were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36. As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

37. The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n.

38. In the alternative, Defendant was/were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

39. Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

40. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from Defendant:

A. For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3) in the amount of Fifteen Thousand Dollars ($15,000); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B. For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C. A Declaration that Defendant's practices violated the FCRA;

D. An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F.  For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: December 23, 2024

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*

01 01/29/2025 05:47:21 252333 9

Civil Court of the City of New York
County of Queens

---

STEVE ILYAYEV,                                    Index No.:

                Plaintiff,

    -against-

EXPERIAN,

                Defendant.

---

## SUMMONS AND COMPLAINT

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

---

To:
Attorney(s) for:

---

Service of a copy of the within                                    is hereby admitted.

Dated:                                                             --------------------------------
                                                                                               Attorney (s) for

---

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Date: December 23, 2024                            Signature _____
                                                                                              April Forbes, Esq.
                                                                                              Attorney(s) for Plaintiff
                                                                                              April Forbes, P.C.
                                                                                                P.O. Box 865
                                                                                              Hudson, New York 12534
                                                                                              (518) 249-5328 - Telephone
                                                                                              (518) 707-0880 - Telefax
                                                                                              aforbes@esquirepc.org - Email

01 01/29/2025 05:47:22 252333 10

Mark McClosky
PO Box 180
Burnt Hills, NY 12027

**REGISTERED MAIL™**

RF 564 159 558 US

Label 200, August 2005    PSN 7690-03-000-9311

$21.57
US POSTAGE
FIRST-CLASS
062S0014949831
FROM 12027



$2.38
US POSTAGE IMI
L FIRST-CLASS
063S0014949847
FROM 12027

EXPERIAN
701 EXPERIAN PARKWAY
ALLEN, TX 75013

**PERSONAL
CONFIDENTIAL**

